IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| DISABILITY RIGHTS MISSISSIPPI | PLAINTIFF |
|---|---|
| VS. | CIVIL ACTION NO. 1:24-CV-99-SA-DAS |
| PALMER HOME FOR CHILDREN | DEFENDANT |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, **DISABILITY RIGHTS MISSISSIPPI ("DRMS")**, is the Protection and Advocacy System ("P&A") for individuals with disabilities in Mississippi. DRMS advocates for and protects the civil rights of individuals with disabilities in this State through, among other means, monitoring facilities and investigating allegations of abuse or neglect[1]. Defendant, **PALMER HOME FOR CHILDREN ("Palmer Home")** has denied DRMS to conduct monitoring and investigations to which it is legally entitled. By this action, DRMS seeks an order from this Court requiring Defendant to permit access so that DRMS may discharge its statutory duties. In support of the same, DRMS provides as follows:

## I. INTRODUCTION

1. This action seeks to enjoin Defendant from continuing to violate federal laws that grant DRMS reasonable unaccompanied access to its facilities and youth for the purpose of

---

[1] This authority was first codified through the passage of the Protection & Advocacy for People with Developmental Disabilities (PADD) Act. 42 U.S.C. § 15043(a)(2)(B). Over time, Congress extended the protections of the PADD Act, incorporating them by reference into legislation protecting persons with other forms of disabilities. This includes both the Protection & Advocacy for Individual Rights (PAIR) Act, 29 U.S.C. §794e(f)(1), and the Protection & Advocacy for Individuals with Traumatic Brain Injury (PATBI) Act. 42 U.S.C. § 300d-53 (eff. April 28, 2008). Similarly, Congress expanded the P & A system through passage of the Protection & Advocacy for Individuals with Mental Illness (PAIMI) Act 42 C.F.R. § 51.42(c)(2) and the Protection & Advocacy for Beneficiaries of Social Security (PABSS). The Ticket to Work and Work Incentives Improvement Act of 1999, as amended, 42 U.S.C. § 1320b-21 governs funding of P&A systems.

fulfilling its mandate as the protection and advocacy system for people with disabilities in Mississippi.

2. Due to Palmer Home's continuing violation of federal law, DRMS seeks declaratory, preliminary, and permanent injunctive relief to enjoin Defendant from denying reasonable unaccompanied access to both its facilities and the youth that are residing at Palmer Home.

3. DRMS files suit and seeks relief as described hereinafter having access revoked and upon being finally denied in March 2024. DRMS seeks costs and any other available relief.

4. Each paragraph of this Complaint incorporates all others without specific restatement.

## II.  JURISDICTION AND VENUE

5. Jurisdiction is vesting in this Court as this case raises a question of federal law pursuant to 28 U.S.C. § 1331.

6. Plaintiff's cause of action arises under Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. § 10801 et seq.; the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("PADD Act"), 42 U.S.C. § 15041 et seq.; and the Protection and Advocacy for Individual Rights Act ("PAIR Act"), 29 U.S.C. § 794e. Costs may be awarded pursuant to Fed. R. Civ. P. 54.

7. Venue is proper in this Court under 28 U.S.C. 1391(b). Defendant's principal place of business is located at 152 Brickerton Street, Columbus, Mississippi.

## III.  PARTIES

8. Disability Rights Mississippi is a non-profit corporation, duly incorporated in the state of Mississippi. Plaintiff is designated by the Governor of the State of Mississippi as the protection and advocacy system for people with disabilities in Mississippi. Plaintiff files this Complaint in its own name to redress injuries to itself in fulfilling its mandate to protect and advocate for the rights of people with disabilities in Mississippi.

9. DRMS' office is located at 5 Old River Place, Ste. 101, Jackson, Mississippi 39202.

10. Congress established the protection and advocacy ("P&A") system in 1975 to protect and advocate for the rights of persons with developmental disabilities, and reauthorized the system in the Developmental Disabilities Assistance and Bill of Rights Act of 2000 (the "PADD Act"). 42 U.S.C. § 15041 *et seq.* Congress provided P&A systems with the authority to investigate incidents of abuse and neglect against individuals with developmental disabilities and pursue legal, administrative, and other remedies on their behalf. 42 U.S.C. § 15043(a). Congress thereafter expanded the scope of the P&A system to provide protection and advocacy services to all persons with disabilities. The Protection and Advocacy for Individuals with Mental Illness Act of 1986 (the "PAIMI Act") provides for the protection of rights of individuals with mental illness, 42 U.S.C. § 10801 *et seq.*; and the Protection and Advocacy of Individual Rights Program (the "PAIR Act") was created to protect the rights of all other individuals with disabilities who are not covered under the PADD and PAIMI Acts. 29 U.S.C. § 794e *et seq.*

11. Pursuant to these laws, DRMS has a federal mandate to protect and advocate for the rights of persons with disabilities in Mississippi, including youth with disabilities who reside in facilities such as Palmer Home. Among other activities, DRMS travels across the state of Mississippi, monitoring facilities of this kind, and when necessary, investigating allegations of abuse and neglect.

12. Palmer Home is a non-profit corporation created under and governed by the laws of the State of Mississippi.

13. Palmer Home is physically located in DeSoto County, Mississippi; however, its principal place of business is listed as 152 Brickerton, Columbus, Mississippi.

14. Palmer Home purports to operate a residential foster care facility for children in DeSoto County, Mississippi.

15. Palmer Home's residential foster care facility is regulated by the Mississippi Department of Health.

16. Upon information and belief, a number of youths who reside at Palmer Home have mental illness, developmental disabilities, and/or other physical or mental impairments that substantially limit one or more major life activities.

17. Upon information and belief, youths who reside at Palmer Home receive care, treatment, services, supports, and habilitation including, but not limited to: screening, evaluation, counseling, behavioral therapies, medication treatment, and supervision, assistive devices, and special education services.

18. Palmer Home is a facility as defined in 42 U.S.C. § 10802(3) and 42 C.F.R. § 51.2

19. Palmer Home is also a location, as provided in 42 U.S.C. § 15043(a)(2)(H), and a service provider, as provided in 42 C.F.R. § 1326.27(c), because services, supports, and other assistance are provided there to individuals with disabilities.

### IV. STATEMENT OF FACTS

20. In late 2023, DRMS received reports indicating potential abuse and neglect at Palmer Home.

21. The complaint received by DRMS outlined several serious concerns from former staff and residents, including the hiring of a convicted felon as campus director, instances of residents becoming pregnant while in care, allegations of verbal and emotional abuse, reports of suicide, and the termination of staff members who attempted to report these incidents.

22. Despite the severity of these complaints and given that DRMS had no prior knowledge of this facility, DRMS decided to postpone the initiation of an investigation by first conducting a monitoring visit to attempt to determine the veracity of the complaints.

23. In January 2024, DRMS began efforts to arrange monitoring visits at Palmer Home and initiated communication with Amanda Tollison, counsel for the Defendant. See **Exhibit A.**

24. After a brief delay caused by the departure of the attorney responsible for scheduling the monitoring, DRMS continued to seek to finalize a monitoring visit date throughout March 2024. Dates to conduct monitoring were proposed on March 18, 2024. See **Exhibit B.**

25. DRMS attempted to confirm monitoring on one of the dates proposed by the Defendant and clarified DRMS' authority, which permits unannounced monitoring visits. DRMS initially sought to arrange this first visit as a courtesy, with the understanding that future visits would be unannounced. An overview of DRMS' access authority was provided for further clarification. See **Exhibit C**.

26. On March 22, 2024, the Defendant responded to DRMS' scheduling confirmation by denying access, asserting that Palmer Home is not subject to DRMS' access authority. See **Exhibit D**.

27. In light of the complaints provided to DRMS and denial of access, an investigation was initiated pursuant to the Protection and Advocacy for Individuals with Mental Illness ("PAIMI"), Protection and Advocacy for Persons with Developmental Disabilities ("PADD"), and Protection and Advocacy for Individual Rights ("PAIR") (hereinafter referred to as the "P&A Acts"). See **Exhibit E.** The investigation was initiated on April 2, 2024 and requested a response of acknowledgement.

28. On April 9, 2024, DRMS sent a follow-up regarding the investigation as no acknowledgement or response had been provided by the Defendant. DRMS also informed counsel for the Defendant that, in connection with the investigation initiated, the agency had

reached out to Mississippi Department of Health[2] who confirmed that children with disabilities had been observed during their last facility. See **Exhibit F.**

29. On April 10, 2024, Defendant denied DRMS' investigatory access to its facilities. See **Exhibit G.**

## V. CLAIMS FOR RELIEF

### CLAIM I: VIOLATION OF THE PAIMI ACT & IMPLEMENTING REGULATIONS

30. As the designated protection and advocacy system for individuals with disabilities in Mississippi, DRMS has access to facilities in Mississippi providing care or treatment to individuals with mental illness. 42 U.S.C. § 10805(a)(3).

31. DRMS is charged to investigate instances of abuse and neglect of individuals with mental illness. 42 C.F.R. § 51.42(b).

32. DRMS is authorized to have reasonable unaccompanied access to public and private facilities and programs in the State, which render care or treatment to individuals with mental illness, and to all areas of the facility which are used by residents or are accessible to residents. 42 C.F.R. § 51.42(b).

33. The P&A system shall have reasonable unaccompanied access to residents at all times necessary to conduct a full investigation of an incident of abuse or neglect. Residents include adults or minors who have legal guardians or conservators. 42 C.F.R. § 51.42(b) and (d).

34. Unaccompanied access to residents includes the opportunity to meet and communicate privately with individuals regularly, both formally and informally, by telephone, mail, and in person. 42 C.F.R. § 51.42(d).

---

[2] Defendant previously indicated that one of the reasons that DRMS had no authority at their facility was because they did not house children with disabilities.

35. Additionally, in accordance with this mandate, the P&A system has access to the records of any of the following individuals with mental illness:
    a. An individual who is a client of the P&A system if authorized by that individual or the legal guardian, conservator, or other legal representative.
    b. An individual, including an individual who has died or whose whereabouts is unknown to whom all of the following conditions apply:
        i. The individual, due to his or her mental or physical condition, is unable to authorize the P&A system to have access.
        ii. The individual does not have a legal guardian, conservator or other legal representative, or the individual's guardian is the State or one of its political subdivisions; and
        iii. A complaint or report has been received and the P&A system has determined that there is probable cause to believe that the individual has been or may be subject to abuse or neglect.
    c. An individual who has a legal guardian, conservator, or other legal representative, with respect to whom a complaint or report has been received by the P&A system and with respect to whom the P&A system has determined that there is probable cause to believe that the health or safety of the individual is in serious and immediate jeopardy, whenever all of the following conditions exists:
        i. The P&A system has made a good faith effort to contact the representative upon prompt receipt of the representative's name and address;
        ii. The P&A system has made a good faith effort to offer assistance to the representative to resolve the situation; and
        iii. The representative has failed or refused to act on behalf of the individual. 42 C.F.R. § 51.41(b)
36. Defendants' refusal to provide DRMS with reasonable access to its facilities and residents violates the PAIMI Act and its implementing regulations.
37. Defendants' violation of the PAIMI Act and its implementing regulations frustrates and interferes with DRMS' federal mandate to protect people with disabilities in Mississippi; provide legal advocacy for people with disabilities; conduct a reasonable and effective

investigation if determined it is necessary; and determine whether corrective action should be taken.

38. Defendants' violation of the PAIMI Act and its implementing regulations frustrates the rights of people with disabilities to have access to a meaningful and effective protection and advocacy system.

39. Pursuant to 42 U.S.C. § 10805(a)(1)(B), DRMS is authorized to pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care or treatment in Mississippi.

40. DRMS is entitled to relief under 42 U.S.C. § 10805(a)(3) and 42 C.F.R. § 51.41(c).

**CLAIM II: VIOLATION OF THE PADD ACT, IMPLEMENTING REGULATIONS, & 42 U.S.C. § 1983**

41. DRMS is authorized to have access at reasonable times to any individual with a developmental disability in a location in which services, supports, and other assistance are provided to such an individual. 42 U.S.C. § 15043(a)(2)(H).

42. DRMS is authorized to have unaccompanied access to individuals with developmental disabilities at all times necessary to conduct a full investigation of an incident of abuse and neglect. 45 C.F.R. § 1326.27(b).

43. A P&A system shall have reasonable unaccompanied access to public and private service providers, programs in the State, and to all areas of the service provider's premises that are used by individuals with developmental disabilities or are accessible to them. Such access shall be provided without advance notice and made available immediately upon request. This authority shall include the opportunity to interview any individual with developmental disability, employee, or other persons, including the person thought to be the victim of such abuse, who might be reasonably believed by the system to have knowledge of the incident under investigation. 45 C.F.R. § 1326.27(b).

44. Further, the P&A system has access to the records of individuals with developmental disabilities under the following circumstances:
    a. If authorized by an individual who is a client of the system, or who has requested assistance from the system, or by such individual's legal guardian, conservator or other legal representative.
    b. In the case of an individual to whom all of the following conditions apply:
        i. The individual, due to his or her mental or physical condition, is unable to authorize the system to have access;
        ii. The individual does not have a legal guardian, conservator or other legal representative, or the individual's guardian is the State (or one of its political subdivisions); and
        iii. The individual has been the subject of a complaint to the P&A system, or the P&A system has probable cause (which can be the result of monitoring or other activities including media reports and newspaper articles) to believe that such individual has been subject to abuse and neglect.
    c. In the case of an individual, who has a legal guardian, conservator, or other legal representative, about whom a complaint has been received by the system or, as a result of monitoring or other activities, the system has determined that there is probable cause to believe that the individual with developmental disability has been subject to abuse or neglect, whenever the following conditions exist:
        i. The P&A system has made a good faith effort to contact the legal guardian, conservator, or other legal representative upon prompt receipt (within the timelines set forth in paragraph (c) of this section) of the contact information (which is required to include, but not limited to name, address, telephone numbers, and email address) of the legal guardian, conservator, or other legal representative;
        ii. The system has offered assistance to the legal guardian, conservator, or other legal representative to resolve the situation; and
        iii. The legal guardian, conservator, or other legal representative has failed or refused to provide consent on behalf of the individual.

d. If the P&A determines there is probable cause to believe that the health or safety of an individual is in serious and immediate jeopardy, no consent from another party is needed. 45 C.F.R. §1326.25.

45. Defendant's refusal to allow DRMS reasonable access to its facilities and residents violates the PADD Act and its implementing regulations.

46. Defendant's violation of the PADD Act and its implementing regulations frustrates and interferes with DRMS' federal mandate to protect people with disabilities in Mississippi; provide legal advocacy for people with disabilities; conduct a reasonable and effective investigation; and determine whether corrective action should be taken.

47. Defendant's violation of the PADD Act and its implementing regulations frustrates the rights of its residents to have access to a meaningful and effective protection and advocacy system.

48. Pursuant to 42 U.S.C. §15043(a)(2)(A)(i), DRMS is authorized to pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of such individuals within Mississippi who are or who may be eligible for treatment, services, or habilitation.

49. DRMS is entitled to relief under 42 U.S.C. §15043(a)(2)(H), and 45 C.F.R. §1326.27(d).

**CLAIM III: VIOLATION OF THE PAIR ACT, IMPLEMENTING REGULATIONS, & 42 U.S.C. § 1983**

50. The PAIR Act provides DRMS with the authority to serve individuals with disabilities who are not otherwise eligible for protection and advocacy services under either the PADD Act or PAIMI Act. 29 U.S.C. §794e(a)(1).

51. The PAIR Act incorporates the same general authorities of access as are found in the PADD Act. 29 U.S.C. § 794e(f)(2).

52. DRMS is authorized to have access at reasonable times to any individual with a disability in a location in which services, supports, and other assistance are provided to such an individual. 42 U.S.C. § 15043(a)(2)(H).

53. A P&A system shall have reasonable unaccompanied access to public and private service providers, programs in the State, and to all areas of the service provider's premises that are used by individuals with developmental disabilities or are accessible to them. Such access shall be provided without advance notice and made available immediately upon request. This authority shall include the opportunity to interview any individual with developmental disability, employee, or other persons, including the person thought to be the victim of such abuse, who might be reasonably believed by the system to have knowledge of the incident under investigation. 45 C.F.R. § 1326.27(b).

54. Further, the P&A system also has access to the records of individuals with disabilities under the following circumstances:
    a. If authorized by an individual who is a client of the system, or who has requested assistance from the system, or by such individual's legal guardian, conservator or other legal representative.
    b. In the case of an individual to whom all of the following conditions apply:
        i. The individual, due to his or her mental or physical condition, is unable to authorize the system to have access;
        ii. The individual does not have a legal guardian, conservator or other legal representative, or the individual's guardian is the State (or one of its political subdivisions); and
        iii. The individual has been the subject of a complaint to the P&A system, or the P&A system has probable cause (which can be the result of monitoring or other activities including media reports and newspaper articles) to believe that such individual has been subject to abuse and neglect.
    c. In the case of an individual, who has a legal guardian, conservator, or other legal representative, about whom a complaint has been received by the system or, as a

       result of monitoring or other activities, the system has determined that there is probable cause to believe that the individual with developmental disability has been subject to abuse or neglect, whenever the following conditions exist:

         i. The P&A system has made a good faith effort to contact the legal guardian, conservator, or other legal representative upon prompt receipt (within the timelines set forth in paragraph (c) of this section) of the contact information (which is required to include but not limited to name, address, telephone numbers, and email address) of the legal guardian, conservator, or other legal representative;

         ii. The system has offered assistance to the legal guardian, conservator, or other legal representative to resolve the situation; and

         iii. The legal guardian, conservator, or other legal representative has failed or refused to provide consent on behalf of the individual.

      d. If the P&A determines there is probable cause to believe that the health or safety of an individual is in serious and immediate jeopardy, no consent from another party is needed. 45 C.F.R. § 1326.25

55. Defendant's refusal to allow DRMS' reasonable access to its facilities and residents violates the PAIR Act and its implementing regulations.

56. Defendant's violation of the PAIR Act and its implementing regulations frustrates and interferes with DRMS' federal mandate to protect people with disabilities in Mississippi; provide legal advocacy for people with disabilities; conduct a reasonable and effective investigation; and determine whether corrective action should be taken.

57. Defendants' violation of the PAIR Act and its implementing regulations frustrates the rights of its residents to have access to a meaningful and effective protection and advocacy system.

58. Pursuant to 29 U.S.C. § 794e(f)(3), DRMS is authorized to pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of such individuals within Mississippi who are or who may be eligible for treatment, services, or habilitation.

59. DRMS is entitled to relief under 29 U.S.C. § 794e(f)(2).

## VI. NECESSITY FOR INJUNCTIVE RELIEF

60. The Defendants have acted and continue to act in violation of the law as explained above.

61. DRMS and the individuals it is mandated to serve do not have an adequate remedy at law and will be irreparably harmed if Defendants are permitted to continue obstructing DRMS' inherent access to investigate incidents of abuse and neglect.

## VII. REQUESTED RELIEF

WHEREFORE, DRMS respectfully requests the following relief:

a. declaratory judgment that Defendant has violated DRMS' rights under the PAIMI Act, PADD Act, and PAIR Act;
b. preliminary and thereafter permanent injunction requiring the Defendants to promptly provide DRMS with access to the Defendant's facilities pursuant to its federally mandated P&A authority;
c. preliminary and thereafter permanent injunction ordering Defendants to provide timely and reasonable access to all future requests made by Plaintiff pursuant to its federally mandated P&A authority;
d. retention of jurisdiction over this action to ensure Defendants' compliance with the mandates of the PAIMI and PADD Acts;
e. an award of costs pursuant to Fed. R. Civ. Proc. 54 and attorney's fees; and
f. any such other relief as the Court deems just, equitable and appropriate.

Respectfully submitted this the 28th day of May, 2024,

                            **DISABILITY RIGHTS MISSISSIPPI**
                            **ATTORNEY FOR ALL PLAINTIFFS**

/s/ *Greta K. Martin*
Greta Kemp Martin, MSB# 103672
Disability Rights Mississippi
5 Old River Place, Suite 101
Jackson, Mississippi 39202
Telephone: (601) 968-0600
Facsimile: (601)968-0665
gmartin@drms.ms