**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**DISABILITY RIGHTS MISSISSIPPI**                                   **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO. 1:24-CV-99-SA-DAS**

**PALMER HOME FOR CHILDREN**                                   **DEFENDANT**

**DEFENDANT'S MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)**

COMES NOW Defendant Palmer Home for Children ("Palmer Home"), by and through

its counsel of record, and files this Motion to Dismiss the Complaint for Declaratory and Injunctive

Relief filed by Plaintiff Disability Rights Mississippi ("DRMS") pursuant to Fed. R. Civ. P.

12(b)(6), and in support thereof would submit the following:

1.      The factual allegations in the Complaint fail to state a claim invoking the

jurisdiction of DRMS under the Protection and Advocacy for Individuals with Mental Illness Act

("PAIMI Act"), 42 U.S.C. § 10801 *et seq.*, the Developmental Disabilities Assistance and Bill of

Rights Act ("PADD Act"), 42 U.S.C.§ 15041 *et seq.*, or the Protection and Advocacy for

Individual Rights Act ("PAIR Act"), 29 U.S.C. § 794e, against Palmer Home, a child residential

home regulated by the Mississippi Department of Health ("MSDH").

2.      Rule 12(b)(6) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) provides

that a party may move to dismiss for "failure to state a claim upon which relief can be granted."

Accepting only the well-pleaded, albeit unverified, factual allegations of the Complaint, the Court

should find that Plaintiff has failed to state a claim to relief that is plausible on its face.

3.      In Part III of the Complaint, Plaintiff alleges as follows:

"Upon information and belief, a number of youths who reside at Palmer Home have mental illness, developmental disabilities, and/or other physical or mental impairments that substantially limit one or more life activities." [Dkt. 1 at ¶16].

"Upon information and belief, youths who reside at Palmer Home receive care, treatment, services, supports, and habilitation including, but not limited to: screening, evaluation, counseling, behavioral therapies, medication treatment, and supervision, assistive devices, and special education services." [Dkt. 1 at ¶17].

4. DRMS's "Statement of Facts" in Part IV of the Complaint includes these three allegations:

"In late 2023, DRMS received reports indicating potential abuse and neglect at Palmer Home." [Dkt. 1 at ¶20].

"The complaint received by DRMS outlined several serious concerns from former staff and residents, including the hiring of a convicted felon as campus director, instances of residents becoming pregnant while in care, allegations of verbal and emotional abuse, reports of suicide, and the termination of staff members who attempted to report these incidents." [Dkt. 1 at ¶21].

"On April 9, 2024, DRMS sent a follow-up regarding the investigation as no acknowledgement or response had been provided by the Defendant. DRMS also informed counsel for the Defendant that, in connection with the investigation initiated, the agency had reached out to Mississippi Department of Health who confirmed that children with disabilities had been observed during their last facility [sic]." [Dkt. 1 at ¶28].

5. Even accepting these "factual" allegations as true, none of them allege that a specific individual who is a current resident of Palmer Home has a significant mental illness or developmental or other disabilities *and* is being abused at Palmer Home, invoking the jurisdiction granted to DRMS under PAIMI, PADD or PAIR. DRMS admittedly did not file its Complaint to protect or advocate for any mentally ill or disabled individual, who allegedly resides at Palmer Home. [Dkt. 1 at ¶ 8].

6. The factual allegations in the Complaint do not contend that Palmer Home is providing treatment services "to prevent, identify, reduce or stabilize mental illness or emotional impairment" to an "individual with significant mental illness or emotional impairment as

determined by a mental health professional qualified under the laws and regulations of the State" *and* that this individual, who has been diagnosed with a significant mental illness, *is being abused at Palmer Home* in violation of PAIMI.  42 U.S.C. § 10802(4); 42 C.F.R. § 51.2.

7.      The Complaint contains no allegation that Palmer Home provides "treatment services for individuals with developmental disabilities as defined by 45 C.F.R. § 1326.19" and 42 U.S.C. § 15002(8) and that a particular individual with developmental disabilities *is being abused* at Palmer Home in violation of PADD.

8.      Furthermore, the Complaint does not allege that Palmer Home serves individuals with disabilities as contemplated by PAIR (29 U.S.C. § 794e(a)(1)), who "need services that are beyond the scope of services authorized to be provided by the client assistance program under section 732 of [Title 29]; and are ineligible for protection and advocacy programs under … [PADD] … because the individuals do not have a developmental disability…; and are ineligible for services under …[PAIMI]" and that those disabled individuals *are being abused* at Palmer Home.

9.      DRMS's Complaint is based on conclusory allegations and legal conclusions, which are not entitled to the assumption of truth.  But even accepting all of its factual allegations, conclusory and otherwise, as true, there is not a reasonable factual basis to support DRMS's allegations that Palmer Home has violated any of these federal acts, invoking the jurisdiction of DRMS over Palmer Home or entitling it to any relief.

10.     In support of this motion, Palmer Home relies upon its memorandum brief, Plaintiff's Complaint, and all the pleadings in this case.

WHEREFORE, Defendant Palmer Home for Children moves the Court to dismiss the claims against it in the Complaint for Declaratory and Injunctive Relief for failure to state a claim upon which relief can be granted.

Respectfully submitted,

*s/Amanda J. Tollison*
Amanda J. Tollison (MB # 10313)
BUTLER SNOW LLP
1200 Jefferson Avenue, Suite 205
P.O. Box 1138
Oxford, MS 38655
P: (662) 513-8000
F: (662) 513-8001
amanda.tollison@butlersnow.com

OF COUNSEL:

J. Dillon Pitts (MB # 106399)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Ste. 1400
Ridgeland, Mississippi 39157
P: (601) 948-5711
F: (601) 985-4500
dillon.pitts@butlersnow.com

*Attorneys for Palmer Home for Children*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day filed the foregoing via the Court's ECF system, which will deliver copies to all counsel of record.

This the 15th day of July, 2024.

*s/Amanda J. Tollison*
Amanda J. Tollison
