# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**DISABILITY RIGHTS MISSISSIPPI**                                                               **PLAINTIFF**

**VS**                                                          **CIVIL ACTION NO. 1:24CV00099-SA-DAS**

**PALMER HOME FOR CHILDREN**                                                   **DEFENDANT**

## MEMORANDUM OF AUTHORITIES IN SUPPORT OF
## PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

COMES NOW the Plaintiff, Disability Rights Mississippi ("DRMS"), by and through undersigned counsel, and submits this Memorandum of Authorities in Support of Its Motion For Voluntary Dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff respectfully requests that the Court grant its motion and dismiss this action without prejudice.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) provides that, once an answer or summary judgment motion has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of this rule is to allow voluntary dismissals while protecting the opposing party from unfair prejudice. *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991).

Courts in the Fifth Circuit generally favor voluntary dismissals without prejudice unless the defendant demonstrates actual legal prejudice beyond the mere prospect of a second lawsuit. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002); *United States ex rel. Doe v. Dow Chem.*

1

*Co.*, 343 F.3d 325, 330 (5th Cir. 2003). Legal prejudice may arise where dismissal causes the loss of a substantial right or subjects the defendant to excessive delay or duplicative litigation.

## ARGUMENT

### 1. Plaintiff's Financial and Staffing Constraints Justify Dismissal

As detailed in the **Declaration of Polly Tribble**, DRMS is facing a severe and unexpected reduction in its federal funding, including a projected 65% reduction in the Protection & Advocacy for Individuals with Mental Illness (PAIMI) program, which previously supported this litigation. DRMS has lost multiple key legal personnel and now operates with only one staff attorney responsible for all legal matters. The organization has suspended litigation intake and is unable to continue prosecuting this case without impairing its core functions. The Fifth Circuit has recognized that a plaintiff's inability to proceed due to financial or logistical hardship is a legitimate basis for voluntary dismissal. See *Roberts v. L&H Res., LLC*, No. 5:18-CV-58, 2020 WL 5096965, at *2 (S.D. Miss. Aug. 28, 2020) (granting Rule 41(a)(2) motion where plaintiff cited personal and logistical constraints preventing continued litigation).

### 2. Dismissal Will Avoid Further Waste of Judicial and Party Resources

Dismissal at this stage would conserve judicial resources and reduce the administrative and financial burdens associated with further proceedings, including additional motion practice, discovery, and potential sanctions proceedings. DRMS's motion is not based on the merits of the case, but rather on the procedural and resource-based impossibility of continuing this litigation. In addition to budget and staffing constraints, this case has been further complicated by a pending Rule 11 Show Cause Order concerning the conduct of former DRMS litigation counsel. Counsel has acknowledged that material misstatements were submitted to the Court, which has

undermined DRMS's ability to maintain the integrity of the pleadings and defend the action in good faith.

As noted by counsel for Defendant, there will be significant costs borne by the parties should the parties either amend/correct or simply proceed in the posture of the current proceedings. DRMS recognizes that the dismissal of this action may not impact the outcome of the sanction proceedings; however, DRMS is keenly aware of its obligation and requirement to correct any tainted pleadings that exist should this matter proceed. Despite the same, such efforts will require the retention of outside counsel, in essence, to review and revisit every pleading filed by prior counsel in this matter.

### 3. Dismissal Without Prejudice Will Not Unduly Prejudice Defendant

The Defendant has not demonstrated that it will suffer legal prejudice if this matter is dismissed without prejudice. While the Defendant has expended resources, courts have routinely held that such expenditures, without more, do not constitute prejudice warranting denial of a Rule 41(a)(2) motion. *Elbaor*, 279 F.3d at 317–18. As noted in its filing before this court, **Dkt #67**, to deny an opportunity to correct tainted pleadings would "in fact, be prejudicial to the unrepresented client, as such unrebutted pleadings may result in a dismissal with prejudice by this court." DRMS has not acted in bad faith and has presented this court with clean hands in its handling of this matter. This Motion is brought in good faith and not for purposes of delay. Dismissal without prejudice will avoid unnecessary expenditure of judicial resources and allow DRMS the opportunity to revisit this or similar claims if and when its capacity is restored.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its Motion

3

for Voluntary Dismissal under Rule 41(a)(2), dismiss this matter without prejudice, and grant such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED, this the 29th day of July, 2025.

                              DISABILITY RIGHTS MISSISSIPPI, PLAINTIFF

              BY:    /s/ Amanda G. Alexander
                          AMANDA G. ALEXANDER, MSB No. 101463

OF COUNSEL:
AMANDA G. ALEXANDER
ALEXANDER LAW, P.A.
Post Office Box 1664
Jackson, Mississippi 39215
601-968-8571
aga@alexanderlawpa.com
**ATTORNEY FOR DISABILITY RIGHTS MISSISSIPPI**

## CERTIFICATE OF SERVICE

I, AMANDA GREEN ALEXANDER, counsel for DISABILITY RIGHTS MISSISSIPPI, certify that on July 29TH, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

SO CERTIFIED, this the 29th day of July 2025

                              /s/ Amanda G. Alexander
                              AMANDA G. ALEXANDER