IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DISABILITY RIGHTS MISSISSIPPI                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 1:24-cv-99-SA-DAS

PALMER HOME FOR CHILDREN                                        DEFENDANT

ORDER AND MEMORANDUM OPINION

On May 28, 2024, Disability Rights Mississippi ("DRMS") initiated this civil action by filing its Complaint [1] for Declaratory and Injunctive Relief against Palmer Home for Children ("Palmer Home"). In addition to declaratory relief, the Complaint [1] seeks a preliminary and permanent injunction directing Palmer Home to grant DRMS access to its facility in Desoto County, Mississippi pursuant to federal protection and advocacy statutes.[1]

Now before the Court are Palmer Home's Motion for Summary Judgment [35] and DRMS' Motion for Voluntary Dismissal [73]. The Motions [35, 73] have been fully briefed and are ripe for review. The Court is prepared to rule.

*Background and Procedural History*[2]

DRMS is a federally mandated, non-profit corporation designated by the Governor as the protection and advocacy system for Mississippi citizens with disabilities. In a general sense, DRMS is authorized pursuant to the P&A statutes to monitor and investigate facilities housing disabled persons. Palmer Home operates a privately owned, children's residential home located in Lake

---

[1] *See* Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI"), as amended, 42 U.S.C. § 10801 *et seq.*; the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("PADD"), as amended, 42 U.S.C. § 15041 *et seq.*; and the Protection and Advocacy of Individual Rights Act ("PAIR"), as amended, 29 U.S.C. § 794e (collectively referred to as the "P&A statutes").
[2] Much of this factual recitation mirrors the recitation in the Court's prior Order and Memorandum Opinion [21].

Cormorant, Desoto County, Mississippi. It is licensed and regulated by the Mississippi Department of Health ("MSDH").

This lawsuit arises out of Palmer Home's denial of DRMS' request to conduct a monitoring visit at Palmer Home's Lake Cormorant facility in the spring of 2024.

The Complaint [1] alleges that, upon information and belief, Palmer Home houses youths with disabilities, including mental, developmental, and/or physical impairments, who receive treatment and services related to those disabilities while in Palmer Home's care. DRMS alleges that it received reports in late 2023 indicating potential abuse and neglect of residents at Palmer Home's facility.[3]

At that time, DRMS opted to first conduct a monitoring visit at Palmer Home rather than initiate an investigation. Resultantly, DRMS contacted Palmer Home, through counsel, to request and arrange a monitoring visit at Palmer Home's campus. That request was ultimately denied by Palmer Home. Following Palmer Home's denial, DRMS initiated an investigation against Palmer Home. DRMS then notified Palmer Home of its intent to conduct an unscheduled investigatory visit. In response, Palmer Home again declined any visit by DRMS to its campus. This lawsuit followed.

As a basis for its denial, Palmer Home takes the position that it does not meet the definition of a "facility" or "service provider" under the P&A statutes and is therefore not subject to DRMS' investigative authority. Palmer Home also denies that it houses children with disabilities as defined by the P&A statutes.

The Court previously entered an Order and Memorandum Opinion [21] denying Palmer Home's Motion to Dismiss [8] and denying DRMS' Motion for Preliminary Injunction [6] as premature. In its Order [21], the Court directed the parties to conduct limited discovery regarding the

---

[3] Specifically, DRMS alleges that the complaint it received "outlined several serious concerns from former staff and residents, including the hiring of a convicted felon as a campus director, instances of residents becoming pregnant while in care, allegations of verbal and emotional abuse, reports of suicide, and the termination of staff members who attempted to report these incidents." [1] at p. 4.

services Palmer Home provides to its residents and the extent to which its residents have qualifying disabilities as described by the P&A statutes. The limited discovery period ended on March 22, 2025. *See* [26].

Thereafter, on April 25, 2025, Palmer Home filed a Motion for Summary Judgment [35]. On the same date, DRMS filed a competing Motion for Permanent Injunction [37]. Once the Motions [35, 37] had been fully briefed, the Court inevitably stayed its ruling on the same after discovering that three filings related to the Motions [35, 37], which were submitted by DRMS' former counsel, contained fabricated legal authority. *See* [46] at p. 1. The violating attorney's conduct gave rise to a sanctions issue, which the Court has recently addressed. *See generally* [89].

While the issue of sanctions was pending, DRMS, through new counsel, filed a Motion for Voluntary Dismissal [73] requesting that the Court dismiss this case without prejudice. In response, Palmer Home opposes dismissal and requests that the Court rule on its pending Motion for Summary Judgment [35] or, alternatively, that the Court impose conditions on the dismissal.

*Standard*

"Motions for voluntary dismissal are governed by Federal Rule of Civil Procedure 41(a)(2)." *Parodi v. Evanston Ins. Co.*, 2025 WL 1223102, at *1 (S.D. Miss. Apr. 28, 2025). "Under Federal Rule of Civil Procedure 41(a)(2), a case 'may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.'" *Mansuri v. PCRK Servs. Co. LLC*, 2025 WL 2433525, at *1 (N.D. Tex. Aug. 6, 2025) (quoting FED. R. CIV. P. 41(a)(2)); *see also United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 196 (5th Cir. 2018) ("If a plaintiff moves to voluntarily dismiss after a summary judgment motion has been filed, it must first receive the court's consent."). "[A]s a general rule, motions for voluntary dismissal should be freely granted[.]" *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Unless the order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice." FED. R. CIV. P. 41(a)(2).

Further, "[w]hen a court is faced with a Rule 41(a)(2) motion, it should 'first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice.'" *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 163 (5th Cir. 2010) (quoting *Elbaor*, 279 F.3d at 317). This is because "[t]he primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Elbaor*, 279 F.3d at 317 (internal quotation marks and citations omitted). "If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice." *Id.*

*Analysis and Discussion*

The Court will first address DRMS' Motion for Voluntary Dismissal [73].[4] Again, DRMS now seeks dismissal of this case without prejudice. Thus, the Court considers whether Palmer Home will suffer plain legal prejudice if it were to grant DRMS' request for an unconditional dismissal of this case.

Importantly, "[w]hen opposing a plaintiff's motion for voluntary dismissal or dismissal of an action without prejudice, the defendant has the burden to demonstrate in a nonconclusory manner how it will be prejudiced." *Jaramillo v. State Farm Mut. Auto. Ins. Co.*, 2024 WL 3104335, at *2 (W.D. Tex. Mar. 22, 2024) (citing *John M. Crawley, LLC v. Trans-Net, Inc.*, 394 F. App'x 76, 79 (5th Cir. 2010)). Courts within the Fifth Circuit consider four factors in determining if unconditional

---

[4] The Court notes that Palmer Home requests that the Court "rule on its previously filed motions before it rules on DRMS' Motion for Voluntary Dismissal." [85] at p. 2. The "previously filed motions" Palmer Home references include its pending Motion for Summary Judgment [35]. Palmer Home does not direct the Court to any authority indicating that the Court must first consider its summary judgment motion as a matter of right. Instead, as further explained hereinafter, the Court must balance a number of factors and consider whether Palmer Home will be deprived of a viable defense (which it may have raised in its dispositive motion) in its analysis of plain legal prejudice. And the fact Palmer Home's Motion for Summary Judgment [35] was pending at the time dismissal was sought is one consideration but not the sole consideration. *See Kumar v. St. Paul Surplus Lines Ins. Co.*, 2010 WL 1946341, at *2 (N.D. Tex. May 12, 2010) ("[A] pending claim-dispositive motion, such as a motion for summary judgment, is only a single factor within the court's analysis and does not, in and of itself, preclude dismissal.") (collecting cases). Accordingly, the Court declines to first rule on the merits of Palmer Home's Motion [35] before addressing DRMS' Motion for Voluntary Dismissal [73].

dismissal will cause the non-moving party plain legal prejudice, including whether: "(1) the plaintiff seeks dismissal to avoid an adverse ruling; (2) the plaintiff excessively delayed or lacked diligence in prosecuting the action; (3) the plaintiff inadequately explains the need for dismissal; or (4) the parties have expended significant resources preparing for trial or moving for summary judgment." *Id.* (citing *United Biologics, L.L.C.*, 907 F.3d at 197–98).

As to the first factor, Palmer Home argues that the Motion [73] "should be denied because DRMS *may be* trying to avoid an adverse ruling on the pending motions." [84] at p. 1 (emphasis added). In its Memorandum [85], Palmer Home also states that "DRMS is not entitled to dismissal *if* it seeks to avoid an expected adverse ruling on either Palmer Home's Motion for Attorney's Fees and Litigation Costs or its Motion for Summary Judgment." [85] at p. 5 (emphasis added).[5] Notably, Palmer Home does not expound on how or why DRMS "may be" trying to avoid an adverse ruling on the pending summary judgment motion. Additionally, in its prior Order [21], the Court articulated the reasons why it found dismissal of the case was not proper and instead ordered that limited discovery be conducted. *See generally* [21]. Although the Court also denied DRMS' Motion for Preliminary Injunction [6] finding that it was premature at the time of its ruling, the only substantive ruling on a dispositive motion in this case thus far has been in DRMS' favor. The Court does not discern from the record of this case any intent on the part of DRMS to avoid an adverse ruling in seeking dismissal. This factor weighs in favor of finding no plain legal prejudice.

Next, the Court considers the second and fourth factors together as those factors consider the timing and stage of litigation. In this regard, the Court notes that, while this case has been pending for some time, it has not proceeded very far. At the time Palmer Home's Motion for Summary

---

[5] The Court is cognizant that, at the time DRMS filed its Motion [73], Palmer Home was requesting that attorney's fees be assessed against DRMS related to the sanctions issue. However, since the Court has already ruled on that issue, the Court sees no need to address that portion of Palmer Home's argument. *See* [89] at p. 31 (denying Palmer Home's Motion for Attorney's Fees [53] on mootness grounds.).

Judgement [35] became ripe for review, the Court was faced with an unprecedented issue entirely unrelated to the merits of this case. Because DRMS' filings in response to the Motion [35] contained fabricated legal authority, the Court was unable to immediately issue a ruling on the Motion [35] and that certainly caused a delay in the case. However, the Court finds that any delay in the case was caused by the sanctionable conduct of DRMS' former counsel and *not* by DRMS as the litigant. The Court will not, in the aftermath, attribute that delay to DRMS. There is no evidence before the Court to indicate that DRMS excessively delayed or lacked diligence in prosecuting this action, and Palmer Home does not raise any argument to the contrary.

Additionally, the Court notes that a trial date has not even been set in this matter and therefore the Court need not consider the parties' preparation for trial. As to whether Palmer Home expended significant resources in moving for summary judgment, Palmer Home argues that it has "spent significant time, money and effort in preparing their case." [85] at p. 6. Again, this case was postured in its early stages at the time DRMS filed its Motion for Voluntary Dismissal [73]. Aside from the delay and activity in the case associated with the sanctions issue, the parties have only engaged in limited discovery and briefed two rounds of motions, including Palmer Home's Motion for Summary Judgment [35]. Non-movants have been previously found to have expended significant time and effort in instances involving far more litigation activity than in this case. *See*, *e.g.*, *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352 (5th Cir. 1990) (motion for voluntary dismissal filed after ten months of litigation, various hearings, significant discovery, grant of summary judgment in favor of one defendant, and a jury trial had been set for the remaining defendants). The record of activity in this case does not support a finding that Palmer Home has expended *significant* resources in moving for summary judgment. Accordingly, the second and fourth factors weigh against finding plain legal prejudice.

The third factor considers whether DRMS has adequately explained the need for dismissal. In its Memorandum [74], DRMS explains that "[it] is facing a severe and unexpected reduction in its federal funding, including a projected 65% reduction in the Protection & Advocacy for Individuals with Mental Illness (PAIMI) program, which previously supported this litigation." [74] at p. 2. In support of its Motion [73], DRMS submitted the sworn declaration of its Executive Director, Polly Tribble. *See* [73], Ex. 1. As an additional reason for seeking dismissal, Tribble states that DRMS is also experiencing staffing limitations, which will inhibit its ability to further pursue this action. The Court finds DRMS' explanation sufficient and notes that Palmer Home did not refute any of these purported reasons in its response.

In addition to the above factors, the Fifth Circuit has "consistently found that, when a voluntary dismissal might strip the defendant of a 'viable … defense' in the first action that it might not be able to raise if the plaintiff were to bring the action again, [then] the motion for dismissal must be denied." *United Biologics, L.L.C.*, 907 F.3d at 198 (quoting *Elbaor*, 279 F.3d at 317). Notably, Palmer Home does not argue that it will be deprived of any defense if the Court were to grant DRMS' Motion [73] without imposing conditions. Additionally, the Court has not identified any defense raised by Palmer Home in its underlying Motion for Summary Judgment [35] which Palmer Home would not be able to raise if DRMS were to bring this action again. Palmer Home does, however, passingly argue that "[d]ismissal with prejudice is really the only way to ensure that Palmer Home can avoid relitigating the same claims." [85] at p. 7. This argument is easily rejected as the case law is clear—the prospect of another lawsuit does not warrant a finding of plain legal prejudice. *See United Biologics, L.L.C.*, 907 F.3d at 196-97 ("[V]oluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice *other than the mere prospect of a second lawsuit*.") (emphasis added; internal quotation marks and citations omitted).

Overall, considering the relevant factors, the Court finds that an unconditional dismissal will not cause Palmer Home to suffer plain legal prejudice. In light of this finding, it is not necessary for the Court to address Palmer Home's proposed conditions on dismissal. DRMS' Motion for Voluntary Dismissal [73] is hereby GRANTED.[6]

<em>Conclusion</em>

For the reasons set forth above, DRMS' Motion for Voluntary Dismissal [73] is hereby GRANTED. The Complaint [1] is DISMISSED *without prejudice*. Palmer Home's Motion for Summary Judgment [35] is DENIED as MOOT. This case is CLOSED.

SO ORDERED this the 10th day of February, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] The Court does not reach Palmer Home's Motion for Summary Judgment [35] as it has decided to dismiss this case and therefore will issue no ruling on the merits. The Motion for Summary Judgment [35] is denied as MOOT. The Court notes that there are two other pending motions that were filed by DRMS, including its Motion for Permanent Injunction [37] and Motion for Leave to File Amended Pleadings [66]. In light of the Court's ruling herein, the Court need not address those Motions [37, 66].